1  JINSHU ZHANG (SBN 166981)
   john.zhang@dentons.com
2  FELIX WOO (SBN 208107)
   felix.woo@dentons.com
3  DENTONS US LLP
   601 South Figueroa Street, Suite 2500
4  Los Angeles, California  90017-5704
   Telephone:   (213) 623-9300
5  Facsimile:    (213) 623-9924

6

7  Attorneys for Defendants
   DOUBLESTAR DONG FENG TYRE CO.,
   LTD., QINGDAO DOUBLESTAR TIRE
8  INDUSTRIAL CO., LTD., and
   DOUBLESTAR GROUP CORP.
9

10                UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12                    SOUTHERN DIVISION

13  TOYO TIRE AND RUBBER CO.,          Case No. SA-CV 15-00246 DOC
    LTD., a Japanese corporation, and  (DFMx)
14  TOYO TIRE U.S.A. CORP., a California
    corporation,                       **DEFENDANTS' ANSWER TO
15                                      FIRST AMENDED COMPLAINT**
                   Plaintiffs,
16
          v.
17
    CIA WHEEL GROUP, a California
18  corporation, DOUBLESTAR DONG
    FENG TYRE CO., LTD., a Chinese
19  corporation, QINGDAO DOUBLESTAR
    TIRE INDUSTRIAL CO., LTD., a
20  Chinese corporation, and
    DOUBLESTAR GROUP CORP., a
21  Chinese corporation,

22                 Defendants.

23

24

25

26

27

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA  90017-5704
(213) 623-9300

Defendants DOUBLESTAR DONG FENG TYPE CO., LTD. ("Doublestar DFT"), QINGDAO DOUBLESTAR TIRE INDUSTRIAL CO., LTD. ("Doublestar Qingdao"), and DOUBLESTAR GROUP CORP. ("Doublestar Group") (collectively, "Defendants") respond to Plaintiffs' First Amended Complaint as follows below, and for themselves only, and not any other named defendants.

Defendants deny all of the allegations in the Complaint except as specifically admitted, deny any allegations as to which there is no specific response required, denies all titles, headings, footnotes, subheadings, and any other material not contained in numbered paragraphs, and denies that it violated federal or state law in any way. Defendants also lack knowledge or information sufficient to form a belief about the truth of the allegations in the Complaint as they relate to any other named-defendants and, therefore, denies all such allegations.

## JURISDICTION AND VENUE

1. Defendants admit that Plaintiffs purport to bring this civil action and allege violations of state and federal law, and that this Court has subject matter jurisdiction over those claims. Defendants deny all other allegations in Paragraph 1.

2. Doublestar DFT and Doublestar Qingdao admit that this Court has personal jurisdiction over them, and that venue is appropriate in this District. Doublestar Group denies that there exists personal jurisdiction over it in this state or in this district. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding defendant Hong Kong Tri-Ace Tire Co., Ltd. Defendants deny all of the other allegations of this Paragraph 2.

## THE PARTIES

3. To the extent that any information contained in Paragraph 3 is definitional in nature, no response is required. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

of Paragraph 3 and, therefore, deny those allegations of this Paragraph.

4.      To the extent that any information contained in Paragraph 4 is definitional in nature, no response is required.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 4 and, therefore, deny those allegations of this Paragraph.

5.      To the extent that any information contained in Paragraph 3 is definitional in nature, no response is required.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 3 and, therefore, deny those allegations of this Paragraph.

6.      Defendants admit this paragraph.  Doublestar DFT denies that American A9 Enterprise is its registered agent.

7.      Defendants admit this paragraph.

8.      Defendants admit this paragraph.

9.      Defendants admit that they are corporate affiliates.  To the extent that any other information contained in Paragraph 9 is definitional in nature, no response is required.

10.     To the extent that any information contained in Paragraph 10 is definitional in nature, no response is required.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 10 and, therefore, deny those allegations of this Paragraph.

11.     To the extent that any information contained in Paragraph 11 is definitional in nature, no response is required.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 11 and, therefore, deny those allegations of this Paragraph.

12.     To the extent that any information contained in Paragraph 12 is definitional in nature, no response is required.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

of Paragraph 12 and, therefore, deny those allegations of this Paragraph.

13.     To the extent that any information contained in Paragraph 13 is definitional in nature, no response is required.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 13 and, therefore, deny those allegations of this Paragraph.

14.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 14 and, therefore, deny those allegations of this Paragraph.

15.     Doublestar DFT and Doublestar Qingdao admit that they transact business related to tires in this district.  Doublestar Group denies that it transacts business related to tires in this district.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 15 and, therefore, deny those allegations of this Paragraph.

16.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 16 and, therefore, deny those allegations of this Paragraph.

17.     Defendants deny the allegations of this Paragraph 17 that are directed to them, and lack knowledge or information sufficient to form a belief about the truth of the allegations as to the non-Doublestar Defendants, and therefore deny those allegations of this Paragraph.

18.     Defendants deny the allegations of this Paragraph 18 that are directed to them, and lack knowledge or information sufficient to form a belief about the truth of the allegations as to the non-Doublestar Defendants, and therefore deny those allegations of this Paragraph.

19.     Defendants deny the allegations of this Paragraph 19 that are directed to them, and lack knowledge or information sufficient to form a belief about the truth of the allegations as to the non-Doublestar Defendants, and therefore deny

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

those allegations of this Paragraph.

20.     Defendants deny the allegations of this Paragraph 20 that are directed to them, and lack knowledge or information sufficient to form a belief about the truth of the allegations as to the non-Doublestar Defendants, and therefore deny those allegations of this Paragraph.

## FACTUAL BACKGROUND

21.     To the extent that any information contained in Paragraph 21 is definitional in nature, no response is required.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 21 and, therefore, deny those allegations of this Paragraph.

22.     To the extent that any information contained in Paragraph 22 is definitional in nature, no response is required.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 22 and, therefore, deny those allegations of this Paragraph.

23.     To the extent that any information contained in Paragraph 23 is definitional in nature, no response is required.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 14 and, therefore, deny those allegations of this Paragraph.

24.     To the extent that any information contained in Paragraph 24 is definitional in nature, no response is required.  Defendants deny that "Toyo has a protectable trade dress in the overall appearance of its Open Country M/T tires." Although Doublestar DFT executed a stipulation in the matter styled *Toyo Tire & Rubber Co., Ltd. And Toyo Tire U.S.A. Corp. v. Hong Kong Tri-Ace Tire Co., Ltd. et al.*, Case No. 8:14-SACV-00054-CJC (JPRx) (the "Tri-Ace Action"), it is clear that stipulation (Dkt#8) related solely to Doublestar DFT's agreement to be enjoined as set forth therein, and in the resulting Final Judgment (Dkt#10). Doublestar DFT did not agree, and was not required to by the language of the

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1   stipulation, to Plaintiffs' self-serving factual recitations or legal conclusions, when

2   the purpose of that stipulation was to alter and enjoin Doublestar DFT's future

3   conduct and to end the litigation.

4   25.     To the extent that any information contained in Paragraph 25 is

5   definitional in nature, no response is required.  Defendants deny the remainder of

6   the allegations in Paragraph 25.

7   26.     Defendant deny the allegations in Paragraph 26.  Plaintiffs' marketing

8   materials admit that the very design elements previously, and now, claimed to be

9   trade dress had functional purposes and were not arbitrary.

10   27.     To the extent that any information contained in Paragraph 27 is

11   definitional in nature, no response is required.  Defendants deny the allegations of

12   this Paragraph.

13   28.     Defendants lack knowledge or information sufficient to form a belief

14   about the truth of the allegations of Paragraph 28 that are opinion in nature (e.g.,

15   "aesthetically pleasing"), and deny the remainder of the allegations of this

16   Paragraph.  Moreover, Defendants note that since Plaintiffs filed the Tri-Ace

17   Action, they have significantly and materially walked back on the trade dress

18   description used in that case because they now know their initial trade dress claims

19   were made in bad faith, and that their so-called trade dress claims in the litigation

20   were belied by their website marketing of the same products, in which Plaintiffs

21   admitted that all of the design characteristics they claim are trade dress have

22   functional purposes.   In the Tri-Ace Action Complaint, Plaintiffs claimed the

23   following: "the ornamental, distinctive 'look' of the Open Country M/T tire has

24   become associated with the Toyo brand.  This 'look' includes *open scalloped*

25   *shoulder blocks*, an aggressive, *attack tread* with *hook-shaped blocks*, a *distinctive*

26   *over-the-shoulder tread*, and *deep siping in the tread blocks*.  (Emphasis added).  In

27   this action, however, Plaintiffs have watered down their prior allegations on the

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

very same product, and now claim feebly only that: the "OPMT Trade Dress is characterized by an aggressive tread design with hook-shaped blocks and scalloped shoulder blocks." (FAC, Para. 27).  They also now claim that the "aggressive appearance" has a source-identifying role "regardless of the functional aspects of any individual element of that trade dress," which is another way of Plaintiffs saying they know they previously admitted, proudly, on their marketing materials that every element of trade dress they previously claimed was in fact, functional and non-arbitrary, those same characteristics also happen to be source-identifying as well, which is fatal to the very trade dress claims being alleged.

29.     Defendants deny the allegations of this Paragraph.

30.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 30 and, therefore, deny those allegations of this Paragraph.

31.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 31 and, therefore, deny those allegations of this Paragraph.

32.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 32 and, therefore, deny those allegations of this Paragraph.

33.     Defendants deny the allegations in Paragraph 33.

34.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 34 and, therefore, deny those allegations of this Paragraph.

35.     Defendants admit the molds used to manufacture the AMP M/T are owned by Ma.

36.     Defendants admit that Doublestar DFT and Doublestar QDT manufacture the AMP M/T tires based on molds owned by Ma.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

37.    Defendants admit that Doublestar DFT and Doublestar QDT ship the AMP M/T tires FOB a port in China for delivery to Tri-Ace or a company affiliated or associates with Tri-Ace.

38.    Defendants deny the allegations in Paragraph 38.

39.    The allegations in this Paragraph 39 are legal conclusions and ambiguous statements, and therefore, Defendants deny the allegations.

40.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 40 and, therefore, deny those allegations of this Paragraph.

41.    Defendant Doublestar DFT admits it was named in the ITC Action. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 41 and, therefore, deny those allegations of this Paragraph.

42.    Defendant  Doublestar DFT admits it manufactured the Mark Ma Dakar M/T tire and sold it to Tri-Ace.  Defendants are informed and believe the Mark Ma Dakar M/T was designed by Ma.  Although the AMP M/T tire was not directly put in issue in the actual ITC Action, Defendants are informed and believe that Toyo was aware of the AMP M/T tire during the pendency of the ITC Action, and if Toyo believed the AMP M/T Tire infringed  its intellectual property rights, it would have made this evident at the time, which it admits it did.

43.    Doublestar DFT admits that it filed the Consent Order Stipulation in the ITC Action.  The other Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 43 and, therefore, deny those allegations of this Paragraph.

44.    To the extent that any information contained in Paragraph 44 is definitional in nature, no response is required.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations

DENTONS US LLP
601 SOUTH FIGUEROA STREET , SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

of Paragraph 44 and, therefore, deny those allegations of this Paragraph, except that Toyo's admission that it listed the AMP M/T tire as a tire it allegedly believed violated its intellectual property rights, but did not request to be included in the tires that Doublestar DFT be barred from manufacturing bars any claim in this case that Doublestar DFT agreed not to manufacture the AMP M/T or committed any fraud in connection with its continued manufacture of the AMP M/T.

45.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 45 and, therefore, deny those allegations of this Paragraph.

46.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 46 (and its subparts) and, therefore, deny those allegations of this Paragraph.

47.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 47 and, therefore, deny those allegations of this Paragraph.

48.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 48 and, therefore, deny those allegations of this Paragraph, except to point out that Toyo's assertion that the Mark Ma Dakar and AMP M/T tires are indistinguishable, when combined with its admissions in Paragraph 44 that it believed the AMP M/T was a problematic tire, but did not require Doublestar DFT to agree not to manufacture the AMP M/T, demonstrates that Toyo willingly chose not to enforce its rights against Doublestar DFT as to the AMP M/T at that time.

49.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 49 and, therefore, deny those allegations of this Paragraph.

50.   Doublestar DFT admits that Toyo provided it with the manufacturer's

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

questionnaire identified in Paragraph 50 but deny that providing information in response to that gratuitous and non-binding document limits its defenses in this case, or supports Plaintiffs' alleged fraud claims.   The other Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 49 and, therefore, deny those allegations of this Paragraph.

51.    To the extent that any information contained in Paragraph 51 is definitional in nature, no response is required.

52.    Defendants deny the allegations of Paragraph 52.

53.    Defendants deny the conclusory allegation in Paraggraph 53 concerning the "close coordination" among Doublestar DFT and Tri-Ace/Ma, and Doublestar DFT admits that the document speaks for itself and any conclusions that Toyo desires to draw from it can be done from the face of the document.

54.    Defendant Doublestar DFT admits the AMP M/T was not listed on the questionnaire, but that even if it was intentionally omitted by Doublestar DFT (Doublestar DFT cannot speak for Tri-Ace or Ma), which it was not, such omission was of no consequence, as there are industry standard markings and methods by which Toyo would have known that the AMP M/T was manufacturer by Doublestar DFT, and its own failure to identify this fact cannot be blamed on the omission from a manufacturer's questionnaire that Doublestar DFT was not even required by law to execute, and that it gratuitously provided to Toyo.  The other Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 54 and, therefore, deny those allegations of this Paragraph.

55.    Defendant Doublestar DFT denies the allegations of this Paragraph 55. The other Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 55 and, therefore, deny those allegations of this Paragraph.

56.    Defendants lack knowledge or information sufficient to form a belief

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

about the truth of the allegations of Paragraph 56 and, therefore, deny those allegations of this Paragraph.

57.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 57 and, therefore, deny those allegations of this Paragraph.

58.    Defendant Doublestar DFT denies the allegations of this Paragraph 55. The other Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 58 and, therefore, deny those allegations of this Paragraph.

59.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 59 and, therefore, deny those allegations of this Paragraph.

60.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 60 and, therefore, deny those allegations of this Paragraph.

61.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 61 and, therefore, deny those allegations of this Paragraph.

62.    Defendant Doublestar DFT denies that it benefitted from any alleged lying by others.   In any event, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 62 and, therefore, deny those allegations of this Paragraph.

63.    Defendants deny the allegations of this Paragraph 63.

64.    Defendants admit that Toyo has claimed that this was the first time its counsel learned of this fact, but have no reason to know if this is in fact true as to Toyo itself.

65.    To the extent that any information contained in Paragraph 65 is

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

definitional in nature, no response is required.   Defendant Doublestar DFT very much doubts the truth of the allegations as to Toyo's motivation for why it filed the action and what it determined to include in the action, and denies the allegation that it made any misrepresentations.   Defendants Doublestar Qindao and Doublestar Group lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 65

66.    Defendants Doublestar Qindao and Doublestar Group lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 66 and, therefore, deny those allegations of this Paragraph.  Doublestar DFT admits that it executed a stipulation in the Tri-Ace Action and agreed to be enjoined as set forth in the Final Judgment of that case, but denies for purposes of this action that it agreed to the factual and legal conclusions contained in that stipulation, as such conclusions were not necessary to the stipulation and judgment that were entered in that case.

67.    Defendants Doublestar Qindao and Doublestar Group lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 67 and, therefore, deny those allegations of this Paragraph.  Doublestar DFT admits that it agreed to be enjoined as set forth in the Final Judgment of that case, but denies for purposes of this action that it agreed to the factual and legal conclusions contained in the accompanying stipulation, as such conclusions were not necessary to the stipulation and judgment that were entered in that case.

68.    Defendants Doublestar Qindao and Doublestar Group lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 68 and, therefore, deny those allegations of this Paragraph.  Doublestar DFT admits that a Final Judgment was entered in the Tri-Ace Action enjoining it as described in this paragraph.  Defendants deny that the Final Judgment was, or is, valid as to entities that were not parties to the Tri-Ace Action for, among other

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

things, due process and jurisdictional issues.

69.     To the extent that any information contained in Paragraph 69 is definitional or informational in nature, no response is required.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 69 and, therefore, deny those allegations of this Paragraph, except to point out that Toyo's allegation about the Mark Ma Dakar tires being "renamed" is nonsensical because Toyo was already aware prior to this time that the AMP M/T was a separately sold tire.

70.     The first sentence of this paragraph is unintelligible.  Defendant Doublestar DFT denies all of the allegations of this Paragraph 70 directed to it. Defendants lack knowledge or information sufficient to form a belief about  the truth of the remaining allegations of Paragraph 70 and, therefore, deny those allegations of this Paragraph.

71.     Defendants deny the allegations of this Paragraph 71.

72.     Defendants Doublestar DFT and Doublestar Qingdao admit to having manufactured the AMP M/T tire with molds owned by Ma.  These Doublestar Defendants ship the tires FOB a port in China to Tri-Ace or its affiliate.

73.     Defendants deny the allegations and incorrect legal conclusions in this Paragraph 73.

74.     Defendants deny the allegations and incorrect legal conclusions in this Paragraph 74.

75.     Defendants deny the allegations and incorrect legal conclusions in this Paragraph 75.

76.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 76 and, therefore, deny those allegations of this Paragraph.

77.     Defendants lack knowledge or information sufficient to form a belief

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

13

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

about the truth of the allegations of Paragraph 77 and, therefore, deny those allegations of this Paragraph.

78.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 78 and, therefore, deny those allegations of this Paragraph.

79.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 79 and, therefore, deny those allegations of this Paragraph.

80.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 80 and, therefore, deny those allegations of this Paragraph.

81     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 81 and, therefore, deny those allegations of this Paragraph.

82.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 82 and, therefore, deny those allegations of this Paragraph.

83.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 83 and, therefore, deny those allegations of this Paragraph.

84.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 84 and, therefore, deny those allegations of this Paragraph.

85.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 85 and, therefore, deny those allegations of this Paragraph.

86.     Defendants lack knowledge or information sufficient to form a belief

about the truth of the allegations of Paragraph 86 and, therefore, deny those allegations of this Paragraph.

87.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 87 and, therefore, deny those allegations of this Paragraph.

## RESPONSE TO CLAIM 1:  TRADE DRESS INFRINGEMENT BY THE AMP M/T TIRE

88.     Defendants reallege and incorporate by reference their admissions, responses and denials to paragraphs 1 through 87 above as though fully set forth here.

89.     This allegation is purely definitional or informational in nature and no response is required.

90.     Defendants deny the allegations of Paragraph 90.

91.     Defendants Doublestar Qingdao and Doublestar DFT admit making and exporting the AMP M/T tire, and deny the remainder of the allegations in Paragraph 40.  Doublestar Group denies the allegations in Paragraph 91.

92.     Defendants deny the allegations of Paragraph 92.

93.     Defendants Doublestar Qingdao and Doublestar DFT admit using the molds supplied by Ma.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 93 and, therefore, deny those allegations of this Paragraph.

94.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 94 and, therefore, deny those allegations of this Paragraph.

95.     Defendants Doublestar DFT and Doublestar Qingdao admit they have sold the AMP M/T tires to Tri-Ace or its affiliate.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

of Paragraph 95 and, therefore, deny those allegations of this Paragraph.

96.   Defendants deny the allegations of this Paragraph 96.

97.   Defendants deny the allegations of this Paragraph 97.

98.   Defendants deny the allegations of this Paragraph 98.

99.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 99 and, therefore, deny those allegations of this Paragraph.

100.   Defendants deny the allegations of Paragraph 100.

101.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 101 and, therefore, deny those allegations of this Paragraph.

102.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 102 and, therefore, deny those allegations of this Paragraph.

103.   Defendants deny the allegations of Paragraph 103.

104.   Defendants deny the allegations of Paragraph 104.

105.   Defendants deny the allegations of Paragraph 105.

## RESPONSE TO CLAIM 2:  FRAUD AS TO TRI-ACE AND MA

106.   Defendants reallege and incorporate by reference their admissions, responses and denials to paragraphs 1 through 87 above as though fully set forth here.

107.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 107 and, therefore, deny those allegations of this Paragraph.

108.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 108 and, therefore, deny those allegations of this Paragraph.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

109.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 109 and, therefore, deny those allegations of this Paragraph.

110.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 110 and, therefore, deny those allegations of this Paragraph.

111.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 111 and, therefore, deny those allegations of this Paragraph.

112.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 112 and, therefore, deny those allegations of this Paragraph.

113.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 113 and, therefore, deny those allegations of this Paragraph.

114.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 114 and, therefore, deny those allegations of this Paragraph.

115.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 115 and, therefore, deny those allegations of this Paragraph.

116.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 116 and, therefore, deny those allegations of this Paragraph.

117.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 117 and, therefore, deny those allegations of this Paragraph.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

118.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 118 and, therefore, deny those allegations of this Paragraph.

119.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 119 and, therefore, deny those allegations of this Paragraph.

120.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 120 and, therefore, deny those allegations of this Paragraph.

121.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 121 and, therefore, deny those allegations of this Paragraph.

122.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 122 and, therefore, deny those allegations of this Paragraph.

## RESPONSE TO CLAIM 3:  FRAUD AS TO DDF

123.   Defendants reallege and incorporate by reference their admissions, responses and denials to paragraphs 1 through 87 above as though fully set forth here.

124.   DEFINITIONAL

125.

126.

127.

128.

129.

130.

131.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

## RESPONSE TO CLAIM 4:  BREACH OF CONTRACT AS TO TRI-ACE AND MA

132.   Defendants reallege and incorporate by reference their admissions, responses and denials to paragraphs 1 through 87 above as though fully set forth here.

133.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 133 and, therefore, deny those allegations of this Paragraph.

134.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 134 and, therefore, deny those allegations of this Paragraph.

135.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 135 and, therefore, deny those allegations of this Paragraph.

136.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 136 and, therefore, deny those allegations of this Paragraph.

137.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 137 and, therefore, deny those allegations of this Paragraph.

138.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 138 and, therefore, deny those allegations of this Paragraph.

139.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 139 and, therefore, deny those allegations of this Paragraph.

## RESPONSE TO CLAIM 5:  BREACH OF CONTRACT AS TO DDF

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

140.   Defendants reallege and incorporate by reference their admissions, responses and denials to paragraphs 1 through 87 above as though fully set forth here.

141.   To the extent that any information contained in Paragraph 141 is definitional in nature, no response is required.

142.   Doublestar DDF denies the allegations of Paragraph 142.

143.   Doublestar DDF denies the allegations of Paragraph 143.

144.   Doublestar DDF denies the allegations of Paragraph 144.

145.   Doublestar DDF denies the allegations of Paragraph 145.

146.   Doublestar DDF denies the allegations of Paragraph 146.

**RESPONSE TO CLAIM 6:  STATE LAW UNFAIR COMPETITION**

147.   Defendants reallege and incorporate by reference their admissions, responses and denials to paragraphs 1 through 146 above as though fully set forth here.

148.   To the extent that any information contained in Paragraph 148 is definitional in nature, no response is required.

149.   Defendants deny the allegations of Paragraph 149.

150.   Defendants deny the allegations of Paragraph 150.

**RESPONSE TO CLAIM 7:  DECLARATORY JUDGMENT OF PATENT INVALIDITY**

151.   Defendants reallege and incorporate by reference their admissions, responses and denials to paragraphs 1 through 87 above as though fully set forth here.

152.   To the extent that any information contained in Paragraph 152 is definitional in nature, no response is required.

153.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 153 and, therefore, deny those

allegations of this Paragraph.

154.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 154 and, therefore, deny those allegations of this Paragraph.

155.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 155 and, therefore, deny those allegations of this Paragraph.

156.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 156 and, therefore, deny those allegations of this Paragraph.

## RESPONSE TO CLAIM 7:  DECLARATORY JUDGMENT OF PATENT INVALIDITY

157.   Defendants reallege and incorporate by reference their admissions, responses and denials to paragraphs 1 through 87 above as though fully set forth here.

158.   To the extent that any information contained in Paragraph 158 is definitional in nature, no response is required.

159.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 159 and, therefore, deny those allegations of this Paragraph.

160.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 160 and, therefore, deny those allegations of this Paragraph.

161.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 161 and, therefore, deny those allegations of this Paragraph.

162.   Defendants lack knowledge or information sufficient to form a belief

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET , SUITE 2500
LOS ANGELES , CALIFORNIA   90017-5704
(213) 623-9300

1   about the truth of the allegations of Paragraph 162 and, therefore, deny those

2   allegations of this Paragraph.

3        163.   Defendants lack knowledge or information sufficient to form a belief

4   about the truth of the allegations of Paragraph 163 and, therefore, deny those

5   allegations of this Paragraph.

6        164.   Defendants lack knowledge or information sufficient to form a belief

7   about the truth of the allegations of Paragraph 164 and, therefore, deny those

8   allegations of this Paragraph.

9   **RESPONSE TO PRAYER FOR RELIEF**

10       Defendants are not required to respond to Plaintiffs' Prayer for Relief.

11   **DEFENDANTS' DEFENSES**

12       Defendants asserts the following defenses to the Complaint.   Defendants

13   reserve their right to raise additional defenses that become known through the

14   course of discovery.   Defendants do not bear the burden of proof as to any defense

15   that the law does not so require.

16       1.   The Complaint fails, in whole or in part, to state a claim upon which

17   relief can be granted.

18       2.   Plaintiffs' claims are barred, in whole or in part, by an applicable

19   statutes of limitations.

20       3.   Plaintiffs' claims are barred, in whole or in part, by waiver.

21       4.   Plaintiffs' claims are barred, in whole or in part, by estoppel.

22       5.   Plaintiffs' claims are barred, in whole or in part, by laches.

23       6.   Plaintiffs' claims are barred to the extent they are based on alleged

24   acts, conduct or statements that are specifically permitted by law.

25       7.   Plaintiffs' claims are barred to the extent the actions or practices of

26   Defendants that are subject of the Complaint were undertaken for legitimate

27   business reasons and are privileged and justified.

28

1       8.    Plaintiffs are barred from any recovery by the doctrine of trademark

2   misuse.

3       9.    Plaintiffs' trade dress claims are barred because they do not possess

4   any valid and enforceable trade dress rights.  Plaintiffs admit their alleged trade

5   dress is functional, generic, not inherently distinctive, and lack secondary meaning.

6       10.    Plaintiffs are guilty of unclean hands and should be barred from any

7   recovery thereunder on all of Plaintiffs' claims.

8       11.    Plaintiffs' trade dress claims are barred by the doctrine of Fair Use.

9

10  Dated:  February 26, 2016        DENTONS US LLP

11

12

13  By:_____/s/ Felix T. Woo_____

    Felix T. Woo

14  Attorneys for Defendants

15  DOUBLESTAR DONG FENG TYPE CO., LTD., QINGDAO DOUBLESTAR

16  TIRE INDUSTRIAL CO., LTD., and DOUBLESTAR GROUP CORP.

17

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

94241265\V-1