1  Peter R. Afrasiabi (Bar No. 193336)
   Email: pafrasiabi@onellp.com
2  Christopher W. Arledge (Bar No. 200767)
   Email: carledge@onellp.com
3  **ONE LLP**
   4000 MacArthur Boulevard
4  East Tower, Suite 500
   Newport Beach, CA 92660
5  Telephone:   (949) 502-2870
   Facsimile:   (949) 258-5081
6
   Christine Yang (Bar No. 102048)
7  Email: cyang@sjclawpc.com
   **LAW OFFICES OF S. J. CHRISTINE YANG**
8  17220 Newhope Street, Suite 101-102
   Fountain Valley, CA 92708
9  Telephone: (714) 641-4022
   Facsimile:   (714) 641-2082
10

11

12

13              **UNITED STATES DISTRICT COURT**

14             **CENTRAL DISTRICT OF CALIFORNIA**

15                  **SOUTHERN DIVISION**

16  TOYO TIRE & RUBBER CO., LTD., a          Case No.  SACV15-00246-DOC (DFMx)
    Japanese corporation, and TOYO TIRE U.S.A.   Hon. David O. Carter
17  CORP., a California corporation,
                                              **DEFENDANT CIA WHEEL**
18             Plaintiffs,                    **GROUP'S ANSWER TO**
                                              **PLAINTIFFS' FIRST AMENDED**
19         v.                                 **COMPLAINT**

20  CIA WHEEL GROUP, a California             **DEMAND FOR JURY TRIAL**
    Corporation, DOUBLESTAR DONG FENG
21  TYRE CO., LTD., a Chinese corporation. ,
    QINGDAO DOUBLESTAR TIRE
22  INDUSTRIAL CO, LTD, a Chinese
    Corporation, DOUBLESTAR GROUP
23  CORP., a Chinese corporation, HONG KONG
    TRI-ACE TIRE CO., LTD, a Chinese
24  corporation; and JINLIN MA, an individual,

25             Defendants.

26  AND RELATED COUNTERCLAIMS AND
    CROSS-CLAIM.
27

28

─────────────────────────────────────────────
                 **ANSWER TO FIRST AMENDED COMPLAINT**

## JURISDICTION AND VENUE

1.      Admits that this Court has subject matter jurisdiction. Denies as to all other respects.

2.      Admits that this Court has personal jurisdiction and venue as to this Defendant CIA Wheel Group ("CIA") and denies as to all other respects.  Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 2 pertaining to other defendants, and accordingly denies the same

## THE PARTIES

3.      Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 3, and accordingly denies the same.

4.      Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 4, and accordingly denies the same.

5.      Admitted.

6.      Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 6, and accordingly denies the same.

7.      Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 7, and accordingly denies the same.

8.      Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 8, and accordingly denies the same.

9.      Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 9, and accordingly denies the same.

10.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 10, and accordingly denies the same.

11.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 11, and accordingly denies the same.

12.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 12, and accordingly denies the same.

1

13.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 13, and accordingly denies the same.

14.     Defendant CIA agrees that Ma has attended a United States tradeshow and so admits that, but lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14, and accordingly denies the same.

15.     Defendant CIA admits it has imported and sold AMP M/T tires in the United States in this District, but lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14, and accordingly denies the same.

16.     Admitted that Defendant CIA owns a U.S. design patent, but denied that the design patent was filed by Ma.  Admitted that it appears Ma entered an agreement with Plaintiff in January 2014 to assign the patent that he did not own or have the right to assign, but denied as to all other respects.

17.     Defendant CIA admits that it has imported and sold AMP M/T tires in the United States in this District, but expressly denies any allegation of infringement by AMP M/T as to Defendant CIA.  Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph 17 pertaining to other defendants, and accordingly denies the same.

18.     Defendant CIA admits that it has imported and sold AMP M/T tires in the United States in this District, but lacks knowledge sufficient to form a belief as to the truth of the allegations pertaining to other defendants, and accordingly denies the same.  Any other remaining allegations in this Paragraph 18 are further denied.

19.     Defendant CIA admits that it has imported and sold AMP M/T tires in the United States in this District, but lacks knowledge sufficient to form a belief as to the truth of the allegations as to other defendants, and accordingly denies the same.  Any other remaining allegations in this Paragraph 19 are further denied.

20.     Denied.

## **FACTUAL BACKGROUND**

**ANSWER TO FIRST AMENDED COMPLAINT**

21.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 21, and accordingly denies the same.

22.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 22, and accordingly denies the same.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 32, and accordingly denies the same.

33.     Denied.

34.     Denied.

35.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 35, and accordingly denies the same.

36.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 36, and accordingly denies the same.

37.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 37, and accordingly denies the same.

38.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 38, and accordingly denies the same.

39.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 39, and accordingly denies the same.

3

**ANSWER TO FIRST AMENDED COMPLAINT**

40.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 40, and accordingly denies the same.

41.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 41, and accordingly denies the same.

42.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 42, and accordingly denies the same.

43.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 43, and accordingly denies the same.

44.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 44, and accordingly denies the same.

45.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 45, and accordingly denies the same.

46.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 46, and accordingly denies the same.

47.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 47, and accordingly denies the same.

48.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 48, and accordingly denies the same.

49.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 49, and accordingly denies the same.

50.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 50, and accordingly denies the same.

51.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 51, and accordingly denies the same.

52.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 52, and accordingly denies the same.

53.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 53, and accordingly denies the same.

**ANSWER TO FIRST AMENDED COMPLAINT**

54.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 54, and accordingly denies the same.

55.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 55, and accordingly denies the same.

56.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 56, and accordingly denies the same.

57.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 57, and accordingly denies the same.

58.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 58, and accordingly denies the same.

59.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 59, and accordingly denies the same.

60.     Admitted, except that Ma did not assign the '943 patent, he assigned in 2012 his intellectual property in the design that became the '943 patent—the '943 patent was filed by and owned by CIA at all times.

61.     Admitted.

62.     Admitted except as to any insinuation in the allegation that Defendant CIA and Ma/Tri-Ace were in league together to subvert Toyo.

63.     Denies any and all allegations in Paragraph 63 as to Defendant CIA, but lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 63 as to other defendants, and accordingly denies the same.

64.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 64, and accordingly denies the same.

65.     Admitted that the referenced lawsuit was filed, and Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 65, and accordingly denies the same.

66.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 66, and accordingly denies the same.

5

**ANSWER TO FIRST AMENDED COMPLAINT**

67.     Admit the Final Judgment has the referenced quotes, but denied as to any implication that the Court made such findings when the Court expressly held: "having made no independent findings of fact or conclusions of law."

68.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 68, and accordingly denies the same.

69.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 69, and accordingly denies the same.

70.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 70, and accordingly denies the same.

71.     Denied.

72.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 72, and accordingly denies the same.

73.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 73, and accordingly denies the same.

74.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 74, and accordingly denies the same.

75.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 75, and accordingly denies the same.

76.     Defendant CIA admits it has imported and sold the AMP M/T tire and denies any alleged infringement by AMP M/T tire in Paragraph 76.

77.     Admit.

78.     Denied.

79.     Admit.

80.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 80, and accordingly denies the same.

81.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 81, and accordingly denies the same.

**ANSWER TO FIRST AMENDED COMPLAINT**

82.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 82, and accordingly denies the same.

83.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 83, and accordingly denies the same.

84.     Admit that Ma signed an agreement with Toyo in January 2014 that he lacked authority to enter since in 2012 he had assigned his rights in the AMP M/T design to Defendant.  As to the balance, Defendant CIA denies there is any OPMT trade dress being infringed, and lacks knowledge sufficient to form a belief as to the truth of the other remaining allegations in Paragraph 84, and accordingly denies the same.

85.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 83, and accordingly denies the same.

86.     As to 86(a), Defendant CIA denies that Ma transferred ownership of the '943 patent to Defendant.  Technically, Ma assigned his intellectual property in the AMP design in 2012, which design was then depicted in the patent application filed in March 2013 by CIA (App. No. 29/442,558) where CIA was the recorded owner of the patent application.  When the 29/442,558 patent application issued as the '943 patent in October 2013, it had already been assigned by Ma to CIA as of the application filing date (the '943 patent did not exist until issued in October 2013).  That technical distinction aside, Defendant CIA admits that Ma indeed appears to have signed a settlement agreement with Plaintiff at a time in 2014 when he knew that he had previously transferred the intellectual property that then became the subject of the patent application that resulted in the patent.  As to 86(b), Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 86(b), and accordingly denies the same.  As to 86(c), Defendant CIA expressly denies any infringement allegation of the tires it sold, but lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 86(c), and accordingly denies the same.

87.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 87, and accordingly denies the same.

**ANSWER TO FIRST AMENDED COMPLAINT**

## CLAIM 1: TRADE DRESS INFRINGEMENT
## BY THE AMP M/T TIRE (15 U.S.C. § 1125)

88.     Defendant CIA realleges and incorporates by reference its responses to paragraphs 1 through 87 above as though fully set forth herein.

89.     Defendant CIA admits this is a trade dress lawsuit.

90.     Denied.

91.     Admits that Defendant CIA sold the AMP M/T tire, but expressly denies any allegation of infringement by AMP M/T tires. Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations pertaining to other defendants, and accordingly denies the same.  Any and all other remaining allegations in Paragraph 91are denied.

92.     Denied.

93.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 93, and accordingly denies the same.

94.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 94, and accordingly denies the same.

95.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 95, and accordingly denies the same.

96.     Defendant CIA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 96, and accordingly denies the same.

97.     Deny any and all allegations as to Defendant CIA, but lack knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 97 pertaining to other defendants, and accordingly deny the same.

98.     Denies any and all allegations as to Defendant CIA, but lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 98 pertaining to other defendants, and accordingly denies the same.

**ANSWER TO FIRST AMENDED COMPLAINT**

1      99.    Denies any and all allegations as to Defendant CIA, but lacks knowledge

2 sufficient to form a belief as to the truth of the allegations in Paragraph 99 pertaining to

3 other defendants, and accordingly denies the same.

4      100.    Denies any and all allegations as to Defendant CIA, but lacks knowledge

5 sufficient to form a belief as to the truth of the allegations in Paragraph 100 pertaining to

6 other defendants, and accordingly denies the same.

7      101.    Defendant CIA lacks knowledge sufficient to form a belief as to the truth of

8 the allegations in Paragraph 101, and accordingly denies the same.

9      102.    Denied.

10      103.    Denies any and all allegations as to Defendant CIA, but lacks knowledge

11 sufficient to form a belief as to the truth of the allegations in Paragraph 103 pertaining to

12 other defendants, and accordingly denies the same.

13      104.    Denied.

14      105.    Denied.

## CLAIM 2: FRAUD AS TO TRI-ACE AND MA

16      106.    N/A to responding Defendant.

17      107.    N/A to responding Defendant.

18      108.    N/A to responding Defendant.

19      109.    N/A to responding Defendant.

20      110.    N/A to responding Defendant.

21      111.    N/A to responding Defendant.

22      112.    N/A to responding Defendant.

23      113.    N/A to responding Defendant.

24      114.    N/A to responding Defendant.

25      115.    N/A to responding Defendant.

26      116.    N/A to responding Defendant.

27      117.    N/A to responding Defendant.

28      118.    N/A to responding Defendant.

9

1    119.   N/A to responding Defendant.

2    120.   N/A to responding Defendant.

3    121.   N/A to responding Defendant.

4    122.   N/A to responding Defendant.

5                    **CLAIM 3: FRAUD AS TO DDF**

6    123.   N/A to responding Defendant.

7    124.   N/A to responding Defendant.

8    125.   N/A to responding Defendant.

9    126.   N/A to responding Defendant.

10   127.   N/A to responding Defendant.

11   128.   N/A to responding Defendant.

12   129.   N/A to responding Defendant.

13   130.   N/A to responding Defendant.

14   131.   N/A to responding Defendant.

15        **CLAIM 4: BREACH OF CONTRACT AS TO TRI-ACE AND MA**

16   132.   N/A to responding Defendant.

17   133.   N/A to responding Defendant.

18   134.   N/A to responding Defendant.

19   135.   N/A to responding Defendant.

20   136.   N/A to responding Defendant.

21   137.   N/A to responding Defendant.

22   138.   N/A to responding Defendant.

23   139.   N/A to responding Defendant.

24          **CLAIM 5: BREACH OF CONTRACT AS TO DDF**

25   140.   N/A to responding Defendant.

26   141.   N/A to responding Defendant.

27   142.   N/A to responding Defendant.

28   143.   N/A to responding Defendant.

10

**ANSWER TO FIRST AMENDED COMPLAINT**

1    144.  N/A to responding Defendant.

2    145.  N/A to responding Defendant.

3    146.  N/A to responding Defendant.

## CLAIM 6: STATE LAW UNFAIR COMPETITION

147.  Defendant realleges and incorporates by reference its responses to paragraphs 1 through 87, 90-104, 108-119, 125-129, 133-134, and 142-144 above as though fully set forth herein.

148.  Denies any and all allegations as to Defendant CIA, but lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 148 pertaining to other defendants, and accordingly denies the same.

149.  Denies any and all allegations as to Defendant CIA, but lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 148 pertaining to other defendants, and accordingly denies the same.

150.  Denies any and all allegations as to Defendant CIA, but lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 148 pertaining to other defendants, and accordingly denies the same

## CLAIM 7: DECLARATORY JUDGMENT OF PATENT INVALIDITY

151.  In light of the Court's ruling on May 6, 2016, this claim does not exist and so there is nothing to respond to.

152.  In light of the Court's ruling on May 6, 2016, this claim does not exist and so there is nothing to respond to.

153.  In light of the Court's ruling on May 6, 2016, this claim does not exist and so there is nothing to respond to.

154.  In light of the Court's ruling on May 6, 2016, this claim does not exist and so there is nothing to respond to.

155.  In light of the Court's ruling on May 6, 2016, this claim does not exist and so there is nothing to respond to.

**ANSWER TO FIRST AMENDED COMPLAINT**

156.   In light of the Court's ruling on May 6, 2016, this claim does not exist and so there is nothing to respond to.

## CLAIM 7: DECLARATORY JUDGMENT OF PATENT UNENFORCEABILITY

157.   In light of the Court's ruling on May 6, 2016, this claim does not exist and so there is nothing to respond to.

158.   In light of the Court's ruling on May 6, 2016, this claim does not exist and so there is nothing to respond to.

159.   In light of the Court's ruling on May 6, 2016, this claim does not exist and so there is nothing to respond to.

160.   In light of the Court's ruling on May 6, 2016, this claim does not exist and so there is nothing to respond to.

161.   In light of the Court's ruling on May 6, 2016, this claim does not exist and so there is nothing to respond to.

162.   In light of the Court's ruling on May 6, 2016, this claim does not exist and so there is nothing to respond to.

163.   In light of the Court's ruling on May 6, 2016, this claim does not exist and so there is nothing to respond to.

164.   In light of the Court's ruling on May 6, 2016, this claim does not exist and so there is nothing to respond to.

## PRAYER FOR RELIEF

These Paragraphs set forth Plaintiff's Prayer for Relief to which no response is required.  To the extent that responses to these Paragraphs are required, Defendant CIA denies that Plaintiff is entitled to any relief from Defendant.  Any remaining allegations of these Paragraphs directed to Defendant CIA are denied. To the extent these Paragraphs pertain to another defendant, no response is required by Defendant CIA.

**ANSWER TO FIRST AMENDED COMPLAINT**

## DEFENDANT CIA'S AFFIRMATIVE DEFENSES

Based on the information presently available, or information believed to be available after a reasonable opportunity for further investigation and discovery, Defendant CIA alleges the following affirmative defenses, specifically reserving all rights to allege additional defenses that become known through the course of discovery and specifically noting that the assertion of these defenses is not an admission that Defendant CIA bears the burden of proof on any or all of them:

## FIRST AFFIRMATIVE DEFENSE

### (Trademark Misuse)

Plaintiffs are barred from any recovery by the doctrine of trademark misuse.

## SECOND AFFIRMATIVE DEFENSE

### (Trade Dress Invalidity)

Plaintiffs do not possess any valid and enforceable trade dress rights. Plaintiffs' trade dress is functional, generic, not inherently distinctive, lacks secondary meaning, and Plaintiffs' alleged trade dress was itself stolen from others who used it before Plaintiff before Plaintiffs attempted to appropriate it to themselves.

## THIRD AFFIRMATIVE DEFENSE

### (Privilege/Justification-Competition/First Amendment)

Defendant CIA has competed fairly with Plaintiffs and none of the acts of Defendant CIA support claims of unlawful behavior, and all acts were and are justified and privileged under fair competition principles. Moreover, First Amendment free speech rights protect Defendant CIA's conduct and limit various of Plaintiffs' assertions and prayers for relief.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Defendant CIA alleges that, by virtue of Plaintiffs' unlawful, immoral, careless, negligent and other wrongful conduct, Plaintiffs are guilty of unclean hands and should be barred from any recovery thereunder on all of Plaintiffs' claims.

**ANSWER TO FIRST AMENDED COMPLAINT**

## FIFTH AFFIRMATIVE DEFENSE

### (Subject Matter Jurisdiction/Standing)

Plaintiff fails to allege a viable case or controversy and so the court lacks subject matter jurisdiction over declaratory relief claims of patent invalidity asserted in a vacuum.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiffs' Amended Complaint and each cause of action therein are barred in whole or in part by the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiffs' Amended Complaint and each cause of action therein are barred in whole or in part by the doctrine of estoppel.  Defendant CIA is informed and believed and on such information and belief alleges that by reason of conduct of Plaintiffs, which constitutes tortious conduct, unclean hands, and/or laches, each Plaintiff is estopped to assert any right to relief.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiffs' Amended Complaint and each cause of action therein are barred in whole or in part by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

### (Fair Use)

Plaintiffs' claims are barred by the doctrine of Fair Use: Any use by Defendant CIA of any of Plaintiffs' alleged trade dress elements is and has been fair use.

## TENTH AFFIRMATIVE DEFENSE

### (Fraud, Mistake and Duress)

Plaintiffs' Amended Complaint and each cause of action are barred in whole or in part on the grounds of fraud, mistake, and/or duress.

**ANSWER TO FIRST AMENDED COMPLAINT**

## ELEVENTH AFFIRMATIVE DEFENSE

### (Good Faith)

The Amended Complaint is barred, in whole or in part, because Defendant CIA's conduct was reasonable, justified, in good faith and/or innocent.

## TWELFTH AFFIRMATIVE DEFENSE

### (Fault of Another & Plaintiff/Intervention)

The Amended Complaint is barred, in whole or in part, because any damages allegedly suffered by Plaintiffs were either wholly or in part the legal fault of persons, firms, corporations, or entities (including Plaintiff) other than Defendant CIA, and that legal fault reduces the percentage of responsibility, if any, which is to be borne by Defendant CIA.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

The Amended Complaint is barred, in whole or in part, because Plaintiffs' damages, if any, are vague, uncertain, imaginary, and speculative.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Constitutional Limits)

The Amended Complaint, to the extent that it seeks punitive and/or statutory damages against Defendant CIA, violates Defendant CIA's right to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 7 of the California Constitution (as well as the excessive fines provisions of the Constitutions) because, among other things, the alleged wrongful conduct at issue here is not sufficiently reprehensible to warrant any punitive damage recovery and/or any assessment of statutory damages would grossly exceed any actual damages to Plaintiffs. Therefore, Plaintiff cannot recover statutory and/or punitive damages against Defendant CIA in this case.

**ANSWER TO FIRST AMENDED COMPLAINT**

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Offset)

The damage suffered by Plaintiffs, if any, is partially or completely offset by the damages caused to Defendant CIA by Plaintiffs' wrongful acts and/or omissions.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Each and all of the purported causes of action asserted in the Amended Complaint is barred because Plaintiffs would be unjustly enriched if it prevailed on these causes of action.

## SEVENTEENH AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Relief)

The Amended Complaint, and each of its claims for relief, fails to state a claim against Defendant CIA upon which relief can be granted.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Abandonment)

Plaintiffs' claims are barred due to abandonment of use of the alleged trade dress.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiffs' Amended Complaint, and each cause of action therein, is barred by the applicable statutes of limitations.

## PRAYER FOR RELIEF

WHEREFORE, Defendant CIA Wheel Group prays for judgment as follows:

1.  That Plaintiffs take nothing by way of their Amended Complaint, and that the Amended Complaint be dismissed with prejudice;

2.  That Judgment be entered against Plaintiffs and in favor of Defendant CIA;

3.  That Defendant CIA be awarded its full costs and reasonable attorney's fees based upon an exceptional case finding in defendant's favor;

16

**ANSWER TO FIRST AMENDED COMPLAINT**

4.   Any further relief that the Court may deem just and proper.

Dated: May 24, 2016                    **ONE LLP**

                                        By:  /s/ Peter R. Afrasiabi
                                             Peter R. Afrasiabi
                                             *Attorneys for Defendant*

**ANSWER TO FIRST AMENDED COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury as to all claims and all issues properly triable thereby.

Dated: May 24, 2016                    **ONE LLP**


                                       By:  /s/ Peter R. Afrasiabi
                                            Peter R. Afrasiabi
                                            *Attorneys for Defendant*

18

**ANSWER TO FIRST AMENDED COMPLAINT**