William J. Robinson (State Bar No. 83729)
email: wrobinson@foley.com
Victor de Gyarfas (State Bar No. 171950)
email: vdegyarfas@foley.com
Jean-Paul Ciardullo (State Bar No. 284170)
email: jciardullo@foley.com
**FOLEY & LARDNER LLP**
555 South Flower Street, Suite 3500
Los Angeles, CA 90071-2411
Telephone: 213-972-4500
Facsimile: 213-486-0065

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| **TOYO TIRE & RUBBER CO., LTD.**, a Japanese corporation, and **TOYO TIRE U.S.A. CORP.**, a California corporation, <br><br> Plaintiffs, <br><br> v. <br><br> **CIA WHEEL GROUP**, a California Corporation, **DOUBLESTAR DONG FENG TYRE CO., LTD.**, a Chinese corporation, **QINGDAO DOUBLESTAR TIRE INDUSTRIAL CO, LTD.**, a Chinese corporation, **DOUBLESTAR GROUP CORP.**, a Chinese corporation, **HONG KONG TRI-ACE TIRE CO., LTD.**, a Chinese corporation; and **JINLIN MA**, an individual. <br><br> Defendants. | Case No: 8:15-sacv-00246-DOC (DFMx) <br><br> **TOYO'S NOTICE OF MOTION AND MOTION FOR CLARIFICATION/ RECONSIDERATION OF THE ORDERS AT DKTS. 258 and 259** <br><br> Date: February 27, 2017 <br> Time: 8:30 a.m. <br> Ctrm: 9D |
| **TOYO TIRE & RUBBER CO., LTD.**, a Japanese corporation, and **TOYO TIRE U.S.A. CORP.**, a California corporation, <br><br> *Plaintiffs*, <br> v. <br><br> **WHEEL GROUP HOLDINGS, LLC** a California Corporation, <br><br> *Defendant*. | |

**Table of Contents**

I.  INTRODUCTION ............................................................................................. 1

II. A VERY BRIEF (BUT NECESSARY) BACKGROUND ........................................ 1

III. ARGUMENT ................................................................................................... 2

    A.    Toyo Seeks Reconsideration To The Extent That The Court Never Saw Toyo's Opposition Brief, Which Raised Critical Arguments ................. 2

    B.    The Order At Dkt. 258 Contradicts The Order At Dkt. 259, Which Limits Discovery To Successor Liability ........................................................ 3

    C.    Toyo Seeks Resolution Of A Major Discovery Dilemma That Has Been Created By WGH, And That Is Now Exacerbated By The Dkt. 258 Order ........................................................................................................ 4

IV. CONCLUSION ................................................................................................ 6

TO THE HONORABLE COURT, ALL PARTIES, AND ALL ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on February 27, 2017 at 8:30 a.m. in Courtroom 9D of the above-entitled Court, located at 411 West 4th St., Santa Ana, California 92701, Plaintiffs Toyo Tire & Rubber Co., Ltd. and Toyo Tire U.S.A. Corp. (collectively, "Toyo") will, and hereby do, move the Court for clarification/reconsideration of the Order at Dkt. 258 ("Order") allowing the deposition of Toyo employee Maasaki Ohara, who WGH seeks to depose on matters of substantive trademark law, despite the close of principal discovery in this case many months ago.

The grounds of the Motion are (1) that the Order issued after midnight just a few hours after Toyo's Opposition brief was filed such that Toyo is uncertain whether the Court ever saw the Opposition (which raised critical arguments not addressed in WGH's Objections), (2) that the Order is on its face at odds with the Court's subsequent Order at Dkt. 259 which limits discovery to the topic of WGH's successor liability, and (3) that the Order creates potentially prejudicial ambiguity as to the scope of the balance of what was supposed to have been a very limited discovery period.

This Motion is made on this Notice, on the accompanying Memorandum of Points and Authorities, and on such other and further evidence as may be adduced at the hearing.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on January 18, 2017.

Dated: January 18, 2017        **FOLEY & LARDNER LLP**
                               By:  */s/ William J. Robinson*
                                    William J. Robinson

                               Attorneys for **Toyo Tire & Rubber Co., Ltd. and Toyo Tire U.S.A. Corp**.

## I. INTRODUCTION

Plaintiffs Toyo Tire & Rubber Co., Ltd. and Toyo Tire U.S.A. Corp. (collectively "Toyo") respectfully seek clarification/reconsideration of the Court's Order at Dkt. 258 ("Order") which gave Wheel Group Holdings LLC ("WGH") until March 1, 2017 to depose Maasaki Ohara (a Toyo design engineer located in Japan) on the grounds that "[WGH] is a new party to this action and discovery has been reopened for them." The grounds of this Motion are:

(1) that the Order issued after midnight just a few hours after Toyo's Opposition brief was filed such that Toyo is uncertain whether the Court ever saw the Opposition (which raised critical arguments not addressed in WGH's Objections),

(2) that the Order is on its face at odds with the Court's subsequent Order at Dkt. 259 which limits discovery to the issue of WGH's successor liability, and

(3) that the Order creates potentially prejudicial ambiguity as to the scope and timing of the balance of what was supposed to have been a very limited discovery period.

## II. A VERY BRIEF (BUT NECESSARY) BACKGROUND

Toyo filed this lawsuit against CIA Wheel Group ("CIA") in February 2015. Totally unbeknownst to Toyo, CIA engaged in a massive corporate restructuring in October 2015 whereby (1) it totally dissolved and was replaced by WGH which continued the same business (including infringement) unabated, and (2) CIA's liabilities – including for the Toyo lawsuit – were transferred to an underfunded shell company called PKPY Holdings. Nothing outwardly changed about CIA/WGH, and CIA/WGH failed to tell Toyo or the Court what had happened. Toyo only discovered what had happened by conducting independent research in July 2016, at which point most of discovery had already been completed at great cost. This means that for almost an entire year, CIA and WGH knowingly withheld the fact of WGH's very existence, while Toyo went about spending very significant resources taking discovery from CIA, none the wiser. Toyo believes that this was part of a deliberate scheme to insulate WGH from any liability, while CIA's past liabilities were dumped into an underfunded shell company.

Toyo filed a parallel suit against WGH which was consolidated with this action. At the October 26, 2016 Status Conference, the Court allowed for a limited additional discovery period, which Toyo understood was solely to address the question of WGH's successor liability for past CIA infringement, in response to WGH's statement that it intended to file a motion for summary judgment on successor liability. The Court set the date for the successor liability summary judgment motion as March 13, 2017. (Dkt. 230.)

WGH filed a request with the Special Master to take the deposition of Mr. Ohara, who is a Toyo employee located in Japan who had been made available to CIA several times before, and whose deposition CIA declined to take because CIA did not (at the time) want to spend the resources to go to Japan. The relevant facts of this are set forth exhaustively in Toyo's earlier briefing to the Special Master (previously filed at Dkt. 254-4), so Toyo will not repeat them here. WGH seeks to depose Mr. Ohara on substantive questions of trademark law. The Special Master *agreed* that CIA/WGH had lost its opportunity to depose Mr. Ohara because of its delay, and recommended that the request for the Ohara deposition be denied. (Dkt. 250, "R&R.") WGH then filed Objections (Dkt. 254). Critically, the Objections fail to discuss the question of whether WGH's deliberate failure to disclose its existence during the *actual* discovery period (which ended many months ago) should preclude it from reopening discovery now.

### III. ARGUMENT

#### A. Toyo Seeks Reconsideration To The Extent That The Court Never Saw Toyo's Opposition Brief, Which Raised Critical Arguments

The Court's order appointing a Special Master (Dkt. 155) did not provide a briefing schedule on Objections to recommendations of the Special Master. After WGH filed its Objections, Toyo emailed the Courtroom Deputy (copying counsel) to ask when Toyo's Opposition would be due, and the Deputy helpfully responded stating that if Toyo wanted to present the Court with an Opposition brief, Toyo should do so by stipulation with WGH. Toyo secured just such a Stipulation with WGH whereby it and WGH agreed to a very short briefing schedule. Toyo e-filed that Stipulation with a Proposed

Order (Dkt. 256), along with its Opposition brief (Dkt. 257, "Opposition"), in the afternoon on Friday, January 13. Critically, that Opposition brief addressed an issue that WGH's Objections failed to discuss: whether WGH is procedurally and equitably barred from reopening discovery on any grounds other than successor liability due to WGH concealing its existence during the original discovery period.

Only a few hours after Toyo filed its Opposition – just past midnight – the Court's Order at Dkt. 258 hit the docket. The Order states: "Having considered the Report and Recommendation and the Objections, the Court makes the following ruling…" which notably fails to mention any consideration of Toyo's Opposition. Because of the very close timing of the entry of the Order after business hours on a Friday night just after Toyo had filed the Stipulation and Objections, and because no order has yet issued granting or denying the Proposed Order that was filed with the parties' Stipulation, Toyo is concerned that the Court never received or reviewed its Opposition brief, which addressed the critical question of whether, irrespective of WGH's technical status as a "new party," it should nonetheless be precluded from reopening discovery.

In sum, to the extent that the Court may have not seen Toyo's Opposition, Toyo respectfully requests that the Order be reconsidered in view of that Opposition, which had been mutually agreed to by the parties. The Opposition explains that it is highly prejudicial to allow WGH (which in reality is just CIA by a different name) the right to reopen discovery for any reason other than successor liability after WGH deliberately concealed its existence from the Court and Toyo for almost a year, preventing Toyo from being able to take discovery from WGH during the actual discovery period.

### B. The Order At Dkt. 258 Contradicts The Order At Dkt. 259, Which Limits Discovery To Successor Liability

After the Order at Dkt. 258 issued, the Court issued a second order at Dkt. 259 adopting the Special Master's December 21, 2016 Report and Recommendations (Dkt. 248, "Dec. 21 R&R") which set forth the parameters for the overall conduct of the supplemental discovery period. Critically, the now-adopted Dec. 21 R&R states that:

> The taking of discovery by both plaintiffs and defendants should be expressly limited to the issue of whether or not defendant WHEEL GROUP HOLDINGS, LLC (WHC) is a successor to the liability of defendant CIA WHEEL GROUP (CIA), whether WHC is bound to CIA's prior discovery responses, and what business WHC was involved with after it legally came into existence.

Thus, the Court has now formally pronounced – in full agreement with the Special Master – that discovery is supposed to be limited to the aforementioned topics. But this is directly in conflict with the Order at Dkt. 258 stating that discovery has been more broadly opened for WGH such that it can take the Ohara deposition, which pertains to substantive underlying trademark law issues, and which should have been taken by CIA long ago during regular discovery. It is possible that this direct conflict between the two Orders may reflect a simple misunderstanding on the part of the Court as to nature of the Ohara deposition: namely, that <u>it does not concern successor liability</u>, and is nothing more than a second bite at the apple for CIA/WGH on substantive underlying trademark law questions.

### C. Toyo Seeks Resolution Of A Major Discovery Dilemma That Has Been Created By WGH, And That Is Now Exacerbated By The Dkt. 258 Order

Because WGH deliberately failed to disclose its existence for almost a year, Toyo never had an opportunity to take any discovery from WGH. Nonetheless, Toyo did take substantial discovery from CIA, which presented its answers to written discovery and deposition questions as if it were still actively in business, effectively treating itself *de facto* as WGH for purposes of discovery (and maintaining the illusion for Toyo that CIA still existed and was in operation). It would be manifestly prejudicial for WGH to not be bound to CIA's past discovery responses and witness deposition testimony because this would mean that:

>  (1) Toyo would have to re-do discovery in the case, and

      (2) WGH could directly contradict CIA discovery responses and witness testimony at trial.

Yet, despite this manifestly prejudicial (and ridiculous) result, *WGH has taken this very position*, pronouncing that it refuses to be bound to CIA's discovery responses.[1] Toyo raised this matter with the Special Master, who agreed with WGH that WGH was indeed technically a separate entity from CIA that would normally not be bound. However, the Special Master stated that he believed Toyo should raise the matter with the District Court. Toyo was indeed about to raise this critical issue when the Order at Dkt. 258 brought it to a head.

Set against this backdrop, the Dkt. 258 Order gives rise to the following significant ambiguities:

      (1) Is discovery totally reopened now for WGH beyond just the Ohara deposition?

      (2) If the answer to (1) is yes, does that implicitly mean that WGH is indeed not bound to CIA's prior discovery responses?

      (3) If the answer to (2) is yes, would Toyo need to re-do discovery as against WGH even though CIA already previously testified in WGH's place?

The present situation is a confusing one, but it is CIA/WGH that created the confusion by concealing WGH's existence during the original discovery period. Indeed, WGH is shamelessly taking advantage of the confusion that it created by seeking a second bite at the discovery apple, essentially getting a reward for its misconduct in failing to previously disclose its existence. Toyo doubts that the Court intended any of this. If nothing else, Toyo respectfully requests that the Court issue a clarifying order that WGH must be bound to prior CIA discovery responses to avoid the nonsensical

---

[1] Toyo has only requested that WGH be bound to CIA discovery responses concerning events and circumstances after the October 2015 formation of WGH.

result that WGH could disavow those responses at trial.

IV. **CONCLUSION**

For the foregoing reasons, Toyo respectfully requests that the Court adopt a clarifying order as set forth in the accompanying Proposed Order.

Dated: January 18, 2017

    /s/ *Jean-Paul Ciardullo*
Jean-Paul Ciardullo
William J. Robinson
**FOLEY & LARDNER LLP**

**Attorneys for Toyo Tire & Rubber Co., Ltd.** and **Toyo Tire U.S.A. Corp.**

6

**TOYO MOTION RE DKT. 258/259 ORDERS**
**CASE NO. 8:15-SACV-00246-DOC (DFMx)**

4846-7500-9856.1