The Hon. James P. Gray (Ret.)
ADR SERVICES, INC.
19000 MacArthur Boulevard, Suite 550
Irvine, California 92612
(949) 863-9800 PH
(949) 863-9888 FAX

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| TOYO TIRE & RUBBER CO., LTD., et. al, | Case No. 8:15-sacv-00246-DOC (DFMx) |
| Plaintiffs, | Judge: The Hon. David O. Carter |
| vs. | ADRS Case No.: 16-4522-JPG |
| CIA WHEEL GROUP, et. al, | ORDER RE SPECIAL MASTER'S REPORT AND RECOMMENDATIONS TO THE COURT RE PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES |
| Defendants. | |

And Related Consolidated Case

　　Based upon plaintiff's motion to compel further responses to Interrogatory Numbers 4 and 15 and Request for Production of Documents Number 90, a telephone conference call was duly scheduled to and did begin at 4:00 p.m. on Tuesday, January 3, 2017 among special master, William J. Robinson, Esq. representing plaintiffs, and Molly J. Magnuson, Esq. representing defendants. As a result of that hearing, and after giving all counsel a full opportunity to be heard, the following Report and Recommendations are hereby respectfully submitted to the Court: The motion regarding Interrogatory Number 4 should be Denied; and the motions regarding Interrogatory Number 15 and Request for Production of Documents Number 90 should be Granted, as Modified.  With the understanding that discovery is closed in this matter except for issues involving allegations of

successor liability, the bases for these recommendations are as follows:

1. Interrogatory Number 4 requests an explanation about what steps defendants have taken based upon the purchase agreement to ensure that defendants have enough resources to satisfy a possible judgment in favor of plaintiffs. However, even though it might be helpful to defendants to respond to the interrogatory voluntarily, defendants have no legal obligation specifically to take any such ensuring steps. They would arguably have obligations generally to pay all of their debts, but those possible debts to plaintiffs would not necessarily have any priority. Accordingly, the interrogatory calls for irrelevant information and should be Denied.

2. Interrogatory Number 15 requests statements about how the $30 million purchase price was distributed, and Request Number 90 calls for the production of all documents showing that distribution. Generally, plaintiffs are entitled to information regarding whether assets were transferred by defendants in an attempt to shield them from being used to satisfy legal financial obligations of the defendant whose assets were allegedly being purchased. That is properly discoverable information because it could reasonably lead to admissible evidence at trial regarding the issue of successor liability in that, (1) the successor may have expressly or impliedly agreed to assume the subject liabilities, (2) the transaction could have resulted in a *de facto* consolidation or merger of the successor and the predecessor, (3) the successor could be found merely to be a continuation of the predecessor, or (4) the transaction could have been consummated for the fraudulent purpose of escaping liability. See *CenterPoint Energy, Inc. v. Superior Court* (2007) 157 Cal.App.4th 1101, 1120-21. However, the two requests are hereby modified only to call for responses and documents addressing checks being paid or monies transferred in the aggregate amount of $25,000 or more from the predecessor or successor to Mr. Philip Young, Mr. Paul Kim or any other creditor or entity. This will include a production of all of predecessor or successor's bank statements at or after the close of the transaction, as well as checks or other documents reflecting any such payments or transfers of those monies.

These verified responses from defendants will be included in the scheduled production on January

6, 2017, which was already the subject of special masters' Report and Recommendations submitted to the Court on December 21, 2016, and which has already been voluntarily adopted by counsel for all parties. Maintaining this production schedule will greatly facilitate the taking of defendants' 30(b)(6) deposition on or before Wednesday, January 11, 2017.

Dated this 4th day of January, 2017

_____
Judge James P. Gray (Ret.)
Special Master

SO ORDERED, except as follows: _____
_____
_____
_____.

Dated: January 27, 2017

_____
Judge of the United States District Court
DAVID O. CARTER